**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FARON E. LOVELACE, | No. 17-35499 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00430-BLW |
| v. | |
| ROBIN SANDY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Chief Judge B. Lynn Winmill, Presiding

Submitted May 15, 2018[**]

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Idaho state prisoner Faron E. Lovelace appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo a dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2011).  We affirm.

The district court properly dismissed Lovelace's action because Lovelace failed to allege facts sufficient to state a plausible claim for relief.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (states may create liberty interests protected by due process, but such interests are limited to "freedom from restraint" which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Lightner v. Hardison*, 239 P.3d 817, 823-24 (Idaho Ct. App. 2010) (analyzing Idaho Department of Correction visiting policy and concluding that termination of visiting privileges does not impose an atypical and significant hardship).

The district court did not abuse its discretion by denying appointment of counsel because Lovelace failed to demonstrate exceptional circumstances.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirements for appointment of counsel).

We reject as meritless Lovelace's contention that the district court failed to liberally construe the amended complaint.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-35499